JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant City of Euclid ("city") appeals from the trial court's granting of defendant-appellee Lanetta D. Massey-Teamer's ("appellee") motion to dismiss. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 3} According to the case, appellee was charged by warrant, issued on January 9, 1997, with the crime of falsification to obtain unemployment services in violation of Euclid Codified Ordinance 501.10, a misdemeanor of the first degree. The warrant was finally served on appellee on August 30, 2003. After her arraignment, she filed a motion to dismiss based upon Crim.R. 4 and R.C. 2901.13(A)(1)(b). The trial court granted appellee's motion to dismiss on December 12, 2003, and the city then filed this appeal.
 {¶ 4} The city presented one witness, Detective Stenger. The detective testified that on January 27, 1997, a letter was sent to appellee. In addition, he testified that this same letter was also sent on July 2, 1997 and September 11, 1998.[1] No copies were kept of either the letters or envelopes.[2]
Detective Stenger was not employed with the warrant unit until 1999, so he had no personal knowledge of this case but was testifying from another police officer's notations. Detective Stenger testified that although he did not serve the warrant himself, the warrant was served when appellee submitted peacefully to the Euclid Police Department in 2003.[3]
 II. {¶ 5} Appellant's first assignment of error states the following: "The trial court improperly granted the defendant's motion to dismiss on the grounds that the prosecution had failed to exercise reasonable diligence to execute the warrant in violation of O.R.C. 2901.13(E)."
 {¶ 6} R.C. 2901.13, "limitation of criminal prosecutions," states the following:
"(A)(1) Except as provided in division (A)(2) or (3) of thissection or as otherwise provided in this section, a prosecutionshall be barred unless it is commenced within the followingperiods after an offense is committed:
 For a felony, six years;
 For a misdemeanor other than a minor misdemeanor, two years;
 For a minor misdemeanor, six months.
 (2) There is no period of limitation for the prosecution of aviolation of section 2903.01 or 2903.02 of the Revised Code.
 (3) Except as otherwise provided in divisions (B) to (H) ofthis section, a prosecution of any of the following offensesshall be barred unless it is commenced within twenty years afterthe offense is committed:
 A violation of section 2903.03, 2903.04, 2905.01, 2907.02,2907.03, 2907.04, 2907.05, 2907.21, 2909.02, 2911.01, 2911.02,2911.11, 2911.12, or 2917.02 of the Revised Code, a violation ofsection 2903.11 or 2903.12 of the Revised Code if the victim is apeace officer, a violation of section 2903.13 of the Revised Codethat is a felony, or a violation of former section 2907.12 of theRevised Code;
 A conspiracy to commit, attempt to commit, or complicity incommitting a violation set forth in division (A)(3)(a) of thissection.
* * *
(E) A prosecution is commenced on the date an indictment isreturned or an information filed, or on the date a lawful arrestwithout a warrant is made, or on the date a warrant, summons,citation, or other process is issued, whichever occurs first. Aprosecution is not commenced by the return of an indictment orthe filing of an information unless reasonable diligence isexercised to issue and execute process on the same. A prosecutionis not commenced upon issuance of a warrant, summons, citation,or other process, unless reasonable diligence is exercised toexecute the same. * * * "
 {¶ 7} (Emphasis added.)
 {¶ 8} R.C. 2901.13(A)(2) provides that prosecution for a misdemeanor is barred unless it is commenced within two years after the offense was committed. R.C. 2901.13(E) provides that a prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. Under R.C. 2901.13, a prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant. It is commenced by the issuance of a summons or warrant plus the exercise of reasonable diligence to execute the same. State v.Morris (1984), 20 Ohio App.3d 321. We find that the city did not exercise reasonable diligence in exercising this warrant. Although three regular U.S. mail letters were allegedly sent, no copies of these letters or envelopes were ever produced. Moreover, the notation card contains some type of possible discrepancies concerning a number written on the card.[4]
In addition, over six years have passed since the city originally issued the warrant and finally achieved service on appellee.[5] Prior to its 2003 service, the city's last attempt at service was back in 1998, almost five yearsprior.[6]
 {¶ 9} Because of the large passage of time before service, appellee filed a motion to dismiss, and the trial court held an oral hearing on December 10, 2003. The trial court issued a written decision specifying its rationale for granting appellee's motion to dismiss. There is no requirement that the city prove the person was served, only the exercise of reasonable diligence regarding service.
 {¶ 10} Appellant makes much of the fact that the trial court utilized case law involving a summons rather than a warrant. Issuance by summons, rather than by warrant, is a less intrusive form of notification. However, Crim.R. 4(D) provides for a less intrusive service by summons to be completed personally or by certified mail. Logic dictates that reasonable diligence in executing a warrant would, at a minimum, require the same efforts as that of a summons. Therefore, we find appellant's case law objections to be misplaced.
 {¶ 11} The extremely large passage of time before service, the trial court hearing, the evidence presented, and the journal entry filed by the trial court all demonstrate that the motion to dismiss should have been granted. Based on the evidence above, we find that the prosecution failed to exercise reasonable diligence to execute the warrant and the trial court properly granted the defendant's motion to dismiss.
 {¶ 12} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.
[1] Tr. 9-10.
[2] Tr. 19.
[3] Tr. 9.
[4] Tr. 18-19. Cross-examination by Mr. Shaughnessy. "Q. I am showing you, or referring you back to — A. This is the original. Q. State's Exhibit — Plaintiff's Exhibit No. 1, this right here on the address line, I noticed, and perhaps I am wrong, that the two seems to be much bolder and kind of over another number? A. Okay. Q. Does that appear the same to you, sir? A. That could be, yes. Q. It's kind of like it's written a couple of times there?A. Yes, could be." (Emphasis added.)
[5] As previously stated, appellee was originally charged by warrant, issued on January 9, 1997, with the crime of falsification to obtain unemployment services in violation of Euclid Codified Ordinance 501.10, a misdemeanor of the first degree. The warrant was finally served on appellee on August 30,2003.
[6] Tr. 9-10.