[Cite as *Cleveland v. Mathews*, 2012-Ohio-1346.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97012**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# DEMETRIUS L. MATHEWS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND VACATED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2008 CRB 014755

**BEFORE:** Sweeney, J., Blackmon, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** March 29, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik, Esq.
Cuyahoga County Public Defender
By: Cullen Sweeney, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio      44113

**ATTORNEYS FOR APPELLEE**

Barbara Langhenry, Esq.
Interim Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Jaclyn R. Shultz, Esq.
Victor R. Perez, Esq.
Assistant City Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Defendant-appellant Demetrius Mathews ("defendant") appeals the denial of his motion to dismiss the charges against him and his conviction for negligent assault. For the reasons that follow, we reverse and vacate his conviction.

**{¶2}** On May 23, 2008, the city of Cleveland charged defendant in a two-count complaint with domestic violence and endangering children, both misdemeanors of the first degree.

**{¶3}** The complaint alleged that defendant caused physical harm to his wife on or about May 7, 2008 and in the presence of the couple's three-year-old child. It is undisputed that the city failed to issue a summons or arrest warrant for defendant and he was unaware of these charges until April 2011. During this time period, defendant continued to reside with his family without further incident.

**{¶4}** Defendant filed a motion to dismiss for violation of speedy trial rights on May 19, 2011, and the court held a hearing on the motion. The trial court denied the motion to dismiss, and defendant pled no contest to an amended charge of negligent assault.

**{¶5}** Defendant reserved his right to appeal the municipal court's denial of his motion to dismiss, which he now argues on appeal by asserting four assignments of error. We address only the third assignment of error because it is dispositive in this case.

Assignment of Error III: The trial court committed plain error in failing to dismiss the charges in this case due to a violation of the Statute of Limitations.

**{¶6}** Defendant asserts that charges were barred by the applicable statute of limitations contained in R.C. 2901.13(A)(1)(b) that provides:

(A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

\* \* \*

(b) For a misdemeanor other than a minor misdemeanor, two years \* \* \*.

**{¶7}** R.C. 2901.13(E) provides that in order to "commence" a prosecution, the City must not only issue a "warrant, summons, citation or other process" but also exercise "reasonable diligence" in executing the same.

**{¶8}** The complaint was filed on May 23, 2008. This court has held that prosecution "is not commenced so as to toll the running of the statute of limitations merely by issuance of a summons or a warrant." *Euclid v. Massey-Teamer,* 8th Dist. No. 83988, 2004-Ohio-3737, ¶ 8. At the hearing on defendant's motion to dismiss, the City stated it was negligent in failing to advise defendant of the charges against him. There is no evidence that the City exercised reasonable diligence in attempting to execute the warrant that was issued in 2008.

**{¶9}** Although the City in its brief opposed this assignment of error, it conceded at oral argument that the charges were not timely filed and that the two year statute of limitations applies. Accordingly, this assignment of error is sustained.

**{¶10}** Defendant's conviction is reversed and vacated to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellant recover of said appellee his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR