THE STATE OF OHIO, APPELLEE, *v.* MORRIS, APPELLANT.

CITY OF COLUMBUS, APPELLEE, *v.* MORRIS, APPELLANT.

(Nos. 84AP-272 and -273—Decided August 30, 1984.)

322

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien* and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *Allen V. Adair,* for appellant.

NORRIS, J. Defendant appeals from convictions for passing bad checks.

In case No. 84AP-273, a complaint charging defendant with passing a bad check (R.C. 2913.11) on August 13, 1981, was filed on October 29, 1981, together with a warrant for defendant's arrest. There is no indication that any effort was made to serve the warrant until January 14, 1984, when it was executed.

In case No. 84AP-272, a complaint charging the same offense was filed on December 2, 1981, based upon a check written on July 24, 1981, and a summons was issued directing defendant to appear on December 11, 1981. There is no indication on the summons that its service was ever attempted. We do find in the file a transparent window envelope bearing the return address of the municipal court, first class postage, a mailing postmark of December 5, 1981, a stamped notation "Return To Sender. Moved-Left No Address," and a postmark on the back of the envelope dated December 7, 1981 from the post office shown as defendant's post office on the summons. Stapled to the envelope is a copy of the complaint. The court's case "pocket" notes that defendant was "ordered in" by a judge on December 11, 1981, and that the order was issued "NT" on December 14, 1981. We are unable to find in the file anything resembling an "order in." The pocket further indicates that defendant was slated on January 14, 1984.

A motion to dismiss was filed in both cases, grounded upon defendant's contention that prosecution was barred by the two-year statute of limitations found in R.C. 2901.13(A)(2). The trial court overruled the motions upon learning that the address on the checks and the address used on the warrant and summons were identical.

Defendant then entered pleas of no contest and was found guilty of both charges by the trial court.

Defendant raises one assignment of error:

"Prosecution of appellant was barred by the two year statute of limitations applicable in misdemeanor cases."

The assignment of error is well-taken.

R.C. 2901.13(A)(2) provides that prosecution for a misdemeanor is barred unless it is commenced within two years after the offense was committed. The statute defines "commenced" in these words:

"(E) A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same." (R.C. 2901.13[E].)

Under the statute, a prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant. It is commenced by the issuance of a summons or warrant *plus* the exercise of reasonable diligence to execute the same.

The only question raised by this appeal, then, is whether reasonable diligence was exercised to execute the summons and warrant. Clearly no effort at

all was made to execute the warrant issued in case No. 84AP-273 within two years after the offense was alleged to have been committed. Accordingly, the prosecution was not commenced in that case within the limitation period, and it was barred.

Defendant apparently concedes that summons was sent to defendant by first class U.S. mail and returned as undeliverable. Whether or not this effort amounted to the exercise of reasonable diligence to execute the summons will be determined by reference to the Rules of Criminal Procedure, which govern the execution of summons.

Crim. R. 4(D) provides that summons is to be served upon a defendant by delivering a copy to him personally, or by leaving it at his usual place of residence with a person of suitable age, or by mailing it to his last known address by certified mail with a return receipt requested. No provision is made for sending the summons by ordinary first class mail. Accordingly, the conclusion is inescapable that reasonable diligence could not have been exercised to execute the summons within the contemplation of R.C. 2901.13(E), and that in order to ground a claim that reasonable diligence was exercised, the prosecution first was required to demonstrate that an effort had been made to serve the summons in a manner provided by Crim. R. 4(D). Because this threshold requirement was not complied with, the inquiry need not progress to the stage where a determination need be made whether an effort to comply with the provisions of Crim. R. 4(D) amounted to an exercise of reasonable diligence to execute the summons.

Our conclusion in this regard is consistent with that reached by the Court of Appeals for Hamilton County in *State* v. *Greer* (1981), 2 Ohio App. 3d 399.

The assignment of error is sustained, the judgments of the trial court are reversed, and the convictions are ordered vacated.

*Judgments reversed and convictions vacated.*

STRAUSBAUGH and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.