The STATE of Ohio, Appellant,

v.

KING, Appellee.

[Cite as *State v. King* (1995), 103 Ohio App.3d 210.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APCIO-1572.

Decided May 4, 1995.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Rebecca A. Gooch,* Assistant City Prosecutor, for appellant.

*Espy & Benton* and *Frederick D. Benton, Jr.,* for appellee.

BOWMAN, Presiding Judge.

Defendant-appellee, Denise A. King, was charged with falsification, a violation of R.C. 2921.13(A)(4), for obtaining unemployment benefits while employed. The complaint was filed on March 20, 1992, and a summons was issued that day. The parties stipulated that a bailiff attempted personal service on appellee at 386 Jamestown Court on March 24, 1992, but was unable to complete service. The bailiff noted on the complaint: "Non resident & unknown per tenant Rich (since 11/91) no forwarding address." This was the address where appellee had received her unemployment benefits. No other efforts were made to serve the summons. On April 17, 1992, a warrant was issued for appellee's arrest. Appellee was arrested on July 6, 1994, when she went to the sheriff's department to obtain a copy of a police report.

Appellee filed a motion to dismiss the complaint alleging a violation of the applicable two-year statute of limitations. After a hearing, the trial court sustained the motion to dismiss on the basis that the prosecution had not exercised reasonable diligence in the execution of the summons and, therefore, prosecution was not commenced within the time limit set forth in R.C. 2901.13(A)(2), and was barred by the statute of limitations. Appellant appeals that judgment and raises the following assignment of error:

"The trial court erred in granting Appellee's motion to dismiss where the prosecution was properly commenced within the two-year statute of limitations applicable to misdemeanor complaints."

R.C. 2901.13(A)(2) provides that a prosecution for a misdemeanor offense is barred unless it is commenced within two years after the offense was committed by providing as follows:

"Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

" * * *

"(2) For a misdemeanor other than a minor misdemeanor, two years[.]"

R.C. 2901.13(E) defines "commenced" as follows:

"A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. * * * *A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.*" (Emphasis added.)

The state argues that the case was commenced when the summons was issued on March 20, 1992, or when the only attempt at service, until appellant's arrest, was màde on March 24, 1992. In *State v. Morris* (1984), 20 Ohio App.3d 321, 20 OBR 424, 486 N.E.2d 168, this court held that a prosecution is not commenced merely by the issuance of a summons or warrant, but there must also be reasonable diligence exercised to execute the warrant or summons.

Appellee testified at the hearing on the motion to dismiss and stated that when she moved from Jamestown Court, where she had lived for approximately two years, to 130 North Princeton, she filed a request for a change of address with the U.S. Postal Service. Although she only lived on Princeton a short time, she "had to give another one [forwarding notice to the post office] when I moved from my other address to where I am at now." Appellee has lived at her current address for almost three years.

Appellee also testified that she had never made any attempts to conceal her whereabouts. She has been living in and employed in Columbus at all relevant times. She filed taxes with the state of Ohio, and applied for jobs with the state of Ohio. She filed a petition for bankruptcy with the local federal court sometime in 1993. She also testified that she received a notice from the Bureau of Motor Vehicles at her present address in early 1993.[1]

Appellant argues that *Columbus v. Cade* (Apr. 6, 1995), Franklin App. No. 94APC09–1337, unreported, 1995 WL 170345, requires a different result in this case. In *Cade*, the defendant was charged with passing bad checks. The store tried to contact the defendant by sending letters to the address on the checks. The third notice was sent by certified mail and defendant's name was signed on the return receipt, although she contended someone else signed her name. When defendant did not respond, the store filed a complaint. The city attempted to serve the summons upon the defendant at the address on the checks, but the apartment was vacant.

*Cade* differs from this case in that, in *Cade*, this court affirmed a specific finding by the trial court that the defendant had concealed her whereabouts to avoid prosecution. In this case, there is absolutely no evidence that appellee concealed her whereabouts and *Cade* must be limited to the facts of that case.

■ The prosecution bears the burden of proving that the time, when the prosecution was commenced, falls within the two-year statute of limitations. To do so, the prosecution must demonstrate that reasonable diligence was exercised

---

1. On cross-examination, appellant's counsel contended that appellee did not change her address on her driver's license until December 1993, but appellee testified that she received notice at her current address from the Bureau of Motor Vehicles that her license had been suspended in early 1993.

to serve the summons. Here, the evidence showed only one attempt was made to serve appellee when her whereabouts could have easily been ascertained. In this case, the prosecution failed to exercise reasonable diligence and the motion to dismiss was properly granted.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LAZARUS, JJ., concur.