DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which denied appellants' motion to dismiss. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellants set forth the following sole assignment of error:
 {¶ 3} "The trial court erred, and/or committed reversible error when it denied Appellants' motion to dismiss."
 {¶ 4} The following undisputed facts are relevant to this appeal. Appellants, Ronald and Eunice Hackenberger, owned a one and one-half acre commercial parcel in eastern Wood County.
 {¶ 5} The property was originally owned by Gulf Oil Company and used by them as a gasoline service station. Appellants acquired the site in 1982. They utilized it to run a trucking business until 1994. From 1994 until 1997, the property was leased to a salvage business. The property was vacated in 1997. The property remained vacant and unused at the time this dispute arose.
 {¶ 6} This case stems from a state road improvement project. The Ohio Department of Transportation ("ODOT") acquired this land for use in the construction of a new interchange on U.S. 20. At the time the state became interested in this property, the property housed five decayed underground storage tanks, several dilapidated buildings, and possessed potential soil contamination issues common to abandoned gas station properties.
 {¶ 7} On August 4, 2003, Perrysburg based Continental Valuations ("Continental") prepared a market appraisal of appellants' premises. The appraiser concluded that if the parcel was environmentally clean and had no structures, it would be worth approximately $25,000 per acre for commercial development. However, the costs required to remove the storage tanks, demolish and clear the site of structures and debris, and remediate any contamination issues, exceeded the "clean site" fair market value. Accordingly, the property had negative value. Due to the negative value, the state of Ohio offered appellants the state nominal amount of $300.
 {¶ 8} On April 6, 2004, the Ohio Department of Transportation sent written notification to appellants to follow-up on negotiations between the parties. ODOT's regional property manager reminded appellants that they had not submitted a counteroffer.
 {¶ 9} Rather than counteroffer, appellants retained their own contractor and removed the underground storage tanks. The requisite Phase one and two environmental studies were then performed in April and July 2001, respectively. These studies confirmed various adverse environmental conditions common to such sites.
 {¶ 10} On January 21, 2005, Continental conducted another appraisal of the premises. This reappraisal estimated the property value owed to appellants to be approximately $8,000. By contrast, appellants believed the value of their contaminated former gas station property to be approximately $200,000.
 {¶ 11} Given the parties' inability to agree on fair market value of the site, ODOT filed a petition for appropriation on June 17, 2004. On July 12, 2004, appellants filed an answer. On June 2, 2005, appellants filed a one-page document captioned "Motion to Dismiss Petition."
 {¶ 12} In their motion, appellants alleged ODOT failed to negotiate in good faith, failed to present a fair market value appraisal, and failed to make reasonable efforts to acquire the property by negotiation. Appellants orally argued the motion to dismiss the same day it was filed.
 {¶ 13} Appellants' arguments in support of the motion to dismiss lacked evidence which would warrant not allowing the case to proceed to trial. The motion to dismiss was denied.
 {¶ 14} Jury trial began on June 8, 2005. Following trial, appellants were awarded judgment of $28,691. This appeal regards the validity of the trial court's denial of the motion to dismiss.
 {¶ 15} In their assignment of error, appellants maintain the trial court erred in denying the motion to dismiss. In support, appellants assert ODOT failed to make reasonable efforts for negotiation acquisition, failed to obtain a valid fair market value appraisal, and failed to negotiate in good faith.
 {¶ 16} The standard of appellate review applicable to the disputed denial of the motion to dismiss is abuse of discretion. The trial court's decision to dismiss a case lies well within the parameters of trial court discretion. Tonti v. Hayes, 6th Dist. No. L-05-1202, 2006-Ohio-2229, at ¶ 20.
 {¶ 17} This court has long held that it cannot substitute its judgment for that of the trial court absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029,2004-Ohio-3908, at ¶ 44. It is axiomatic that an abuse of discretion finding demands more than a mere error of law or judgment. Such a finding requires the trial court's attitude to be so arbitrary or unconscionable that it is grossly violative of fact or logic. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 18} R.C. 163.59 imposes a statutory "reasonable effort" duty upon ODOT in public land acquisition. Appellants assert ODOT breached this duty. The record contains no persuasive factual evidence in support of this assertion. Appellants generically argue, "On June 17, 2005, the Ohio Department of Transportation ambushed Mr. and Mrs. Hackenberger when it filed its petition to appropriate."
 {¶ 19} By contrast, the record shows multiple communications between the parties before the filing of an appropriation petition. The record shows notification to appellants, an initial appraisal and offer, follow-up negotiations between consultants for ODOT and appellants, status correspondence directed by ODOT to appellants, a reappraisal prior to filing the petition for acquisition, and ample communications establishing "reasonable effort" on the part of ODOT.
 {¶ 20} Appellants unilaterally conclude ODOT failed to secure a valid fair market value appraisal of their premises. The record shows two separate appraisals prepared for ODOT. The record reflects these appraisals were detailed, thorough, and precise. Appellants unilaterally conclude, "The state has intentionally and dishonestly questioned the cleanliness of the appellants' property in an attempt to taint the proceedings and the jury."
 {¶ 21} We note that this appeal stems from the denial of the pretrial motion to dismiss, not from the jury verdict. With that said, the record establishes that ODOT utilized trained environmental consultants who conducted thorough environmental studies of the property. These studies revealed a multitude of adverse environmental issues. There is absolutely no evidence, other than conjecture, of improper motive or actions by ODOT. The record shows well-documented factual explanations in support of the property appraisals. The record contains no evidence in support of the sharply higher value placed on the parcel by appellants.
 {¶ 22} Lastly, appellants contend ODOT failed to negotiate in good faith. The record similarly belies this contention. Appellants point to the state's increase in its offer to purchase from $300 to $8,000 as somehow supporting bad faith allegations. By contrast, the offer is indicia of good faith ongoing efforts at negotiation. Appellants have failed to present any relevant evidence indicative of bad faith.
 {¶ 23} The determinative event underlying this appeal is the trial court's denial of appellants' motion to dismiss. This is where we must focus our analysis. Appellants' written motion to dismiss consisted of a generic half-page argument. The written motion was not accompanied by supporting or persuasive evidence.
 {¶ 24} Our review of the transcript of the motion to dismiss hearing shows it is similarly devoid of compelling factual evidence to warrant the extreme remedy of dismissal before trial. Appellants argued, "This is not a clean case, but I think that the case has been, I mean, the fact they had the TolTest guy in there and say there was a problem after we had the tanks taken out, this is like the guy I studied under George Howells, who argued to the court this is like the orphans; you shoot their mom and dad and they come in and throw themselves on the mercy of the court because they're orphans." Appellants furnished no compelling legal rationale supportive of their motion to dismiss.
 {¶ 25} There is nothing in the record from which we could conceivably conclude the trial court abused its discretion in dismissing appellants' motion to dismiss on June 2, 2005. Appellants' assignment of error is not well-taken.
 {¶ 26} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.