**The STATE of Ohio, Appellant,**

v.

**RUSSELL, Appellee.**

[Cite as *State v. Russell,* 182 Ohio App.3d 191, 2009-Ohio-1747.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–08–045.

Decided April 10, 2009.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and Lorrain R. Croy, Assistant Prosecuting Attorney, for appellant.

Michael J. O'Shea, for appellee.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Ottawa County Common Pleas Court granting appellee's motion to dismiss. On July 25, 2008, the trial court granted appellee's motion to dismiss. The trial court noted that despite the investigation yielding a recorded oral confession, no prosecution was commenced until the filing of an indictment some 23 years after the offenses and investigation transpired. For the reasons that follow, this court affirms the judgment of the trial court.

{¶ 2} On appeal, appellant sets forth the following sole assignment of error:

{¶ 3} "Assignment of Error

{¶ 4} "The trial court erred in granting appellee's motion to dismiss because the statute of limitations had not yet run at the time prosecution was commenced on January 31, 2008."

{¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On March 21, 1985, appellee's stepdaughter reported that appellee had fondled her in a sexual manner. This disclosure occurred during an interview with representatives of children services. In the interview, appellee's stepdaughter furnished a detailed description of the unlawful conduct. The victim conveyed that the most recent incident had been that morning.

{¶ 6} On March 22, 1985, Detective Foust of the Oak Harbor Police Department was notified of these allegations and received a copy of the stepdaughter's transcribed statement. On March 25, 1985, appellee's wife informed children services, during a home visit, that appellee had left the area and was seeking employment in the Chicago area. On April 4, 1985, Detective Foust reported to children services that he had been in contact with appellee and had requested that appellee return within six to eight weeks to cooperate and discuss the allegations against him.

{¶ 7} Appellee complied and voluntarily returned for the investigation. On April 29, 1985, during a recorded interview with Detective Foust and a children services supervisor, appellee admitted to the improper conduct with his stepdaughter. Inexplicably, despite this recorded confession, no charges were filed.

{¶ 8} On May 5, 1985, appellee's wife provided children services with appellee's current Florida address. On August 12, 1985, children services closed the case. No further actions were taken against appellee for over two decades, some 23 years later. On January 31, 2008, 23 years after his confession, a grand jury indictment was filed against appellee. It consisted of 48 counts, each charging appellee with rape, in violation of R.C. 2907.02(A)(1)(b).

{¶ 9} In the sole assignment of error, appellant asserts that the trial court erred by failing to toll the statute of limitations, pursuant to R.C. 2901.13(G), despite finding prima facie evidence that appellee had left the state to avoid prosecution. In support, appellant asserts that the trial court erred in determining that no prosecution, within the meaning of R.C. 2901.13(E), had commenced until the filing of the indictment.

{¶ 10} In Ohio, it is well settled that "[t]he trial court's decision to dismiss a case lies well within the parameters of trial court discretion." *Proctor v. Hackenberger*, 6th Dist. No. WD–05–059, 2006-Ohio-3387, 2006 WL 2242824, ¶ 16. Accordingly, the applicable "standard of appellate review * * * is abuse of discretion." Id. Therefore, this court shall not disturb a lower court's finding concerning a witness's credibility, unless "the court's [decision] is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 11} It is well settled that "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." R.C. 2901.13(F). Specifically, the Ohio Supreme Court has determined that "the corpus delicti of crimes involving child abuse * * * is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." *State v. Hensley* (1991), 59 Ohio St.3d 136, 140, 571 N.E.2d 711. As a result, pursuant to R.C. 2151.421(A)(1)(b), an "employee of a * * * children services agency" has a duty to "immediately report that knowledge or reasonable cause to suspect to * * * the public children services agency * * * in the county in which the child resides or in which the abuse * * * has occurred." R.C. 2151.421(A)(1)(a). Therefore, "[t]he *corpus delicti* of a crime involving sexual abuse of children is discovered when an employee of a children services agency * * * has knowledge of both the act itself and the criminal nature of the act." *State v. Ritchie* (1994), 95 Ohio App.3d 569, 571, 642 N.E.2d 1168.

■ {¶ 12} This court has carefully reviewed the record. The record clearly shows that Detective Foust and caseworkers for children services, after hearing appellee's taped confession, had knowledge of the acts of sexual abuse and of its criminal nature. Thus, in accordance with the above-stated guiding legal principles, this court finds that the statute of limitations began to run as of April 29, 1985.

{¶ 13} It is well settled that a prosecution for a violation of R.C. 2907.02 is barred "unless it is commenced within twenty years after the offense is committed * * *." R.C. 2901.13(A)(3)(a). Furthermore, this court has recognized that as of March 9, 1999, amended R.C. 2901.13 "'applies to an offense committed prior to the effective date * * * if prosecution for that offense was not barred under [R.C. 2901.13] as it existed on the day prior to the effective date of this act.'" State v. Barker, 6th Dist. No. L–01–1290, 2003-Ohio-5417, 2003 WL 22319572, ¶ 15, quoting State v. Crooks, 152 Ohio App.3d 294, 2003-Ohio-1546, 787 N.E.2d 678, ¶ 11.

■ {¶ 14} Under Ohio law, "[a] prosecution is not commenced * * * unless reasonable diligence is exercised * * *." R.C. 2901.13(E). Furthermore, it is axiomatic that "the primary purpose of a criminal statute of limitations * * * is to limit exposure to prosecution to a certain fixed period of time following the occurrence of those acts * * *." State v. Gallant, 174 Ohio App.3d 264, 2007-Ohio-6714, 881 N.E.2d 907, ¶ 25. Accordingly, the Ohio Supreme Court has recognized that "the intent of R.C. 2901.13 is to discourage inefficient or dilatory law enforcement * * *." State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A. (1999), 85 Ohio St.3d 582, 586, 709 N.E.2d 1192. Thus, "[t]he primary purpose of a criminal statute of limitations is to limit exposure to prosecution to a certain fixed period of time * * *." Id.

■ {¶ 15} Appellant argues that the statute of limitations should have tolled because appellee's departure from the state constituted prima facie evidence of appellee's intent to avoid prosecution. In support, appellant argues that R.C. 2901.13(G) explicitly requires that the statute of limitations be tolled when a prosecution is purposefully avoided.

{¶ 16} Appellant's assertion that appellee left Ohio to purposefully avoid prosecution assumes that a prosecution had been commenced against appellee. On the contrary, this court finds that the record clearly shows that no prosecution, in accordance with R.C. 2901.13(E), was commenced against appellee until the January 31, 2008 indictment.

{¶ 17} Contrary to appellant's assertions, the record shows that no prosecution, pursuant to R.C. 2901.13(E), commenced against appellee until January 31, 2008. Therefore, no prosecution existed for appellee to purposefully avoid. Thus,

appellee's departure could not operate to toll the statute of limitations. More important, if this court were to adopt appellant's approach, appellee's criminal liability would be potentially infinite, thereby frustrating the statutory scheme. Given these facts and circumstances, this court cannot find the trial court's judgment dismissing the case on the clear basis of an extremely untimely prosecution to constitute an abuse of discretion. Appellant's assignment of error is not well taken.

{¶ 18} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expenses incurred in preparation for the record, fees allowed by law, and the fee for filing in the appeal is awarded to Ottawa County.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.