[Cite as *State v. Pettry*, 2017-Ohio-1548.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104519**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## BILLY RAY PETTRY, SR.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585054-A

**BEFORE:** Jones, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Kevin M. Cafferkey
55 Public Square
2100 Illuminating Building
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to dismiss the indictment of defendant-appellee, Billy Ray Pettry, Sr.  We affirm.

{¶2} This appeal stems from an incident that occurred in 1994.  On May 2, 1994, "D.F." reported to police that her former boyfriend had sexually assaulted her inside his apartment.  D.F. sought medical treatment for her injuries.  The police report listed the suspect as Billy Ray *Perry*.  The day after the incident, a detective attempted to follow up with D.F., but she had given the police an incorrect phone number and address.  The case was then closed.

{¶3} In 2012, evidence from the rape kit was submitted to the Bureau of Criminal Investigation ("BCI").  A DNA profile was developed, and the results were sent to the Cleveland police in June 2013.  In April 2014, Detective Jack Lent ("Detective Lent") of the Cleveland Police Department, Sex Crimes Unit, located and spoke with D.F.  She told the detective that the suspect's last name was Pettry, not  Perry, and provided further identifying information.  Detective Lent located Pettry, interviewed him, and took a DNA sample.

{¶4} On April 17, 2014, Pettry's DNA was taken to BCI for testing against D.F.'s rape kit.  On April 29, 2014, BCI matched Pettry's DNA to that of the unknown male in D.F.'s vaginal swabs at frequency of occurrence of 1 in 65,620,000,000,000 unrelated people and on her underwear at frequency of occurrence of 1 in

9,551,000,000,000,000,000 unrelated people.

{¶5} On May 2, 2014, the state indicted John Doe #27 and identified John Doe #27 only by his DNA profile for the rape and kidnapping of D.F. A warrant for John Doe's arrest was issued on May 5, 2014. It was not until January 12, 2016, that the state moved to amend the indictment to change the name of the defendant from John Doe #27 to Billy Ray Pettry, Sr.

{¶6} Pettry filed a motion to dismiss the indictment, arguing that he had not been indicted within the applicable statute of limitations. The trial court held a hearing and granted his motion.

{¶7} The state filed a timely notice of appeal, assigning one assignment of error for our review, in which it argues that the trial court erred when it dismissed the indictment.

{¶8} A 20-year-statute of limitations applies to rape offenses. R.C. 2901.13(A)(3)(a). The state bears the burden of showing that prosecution was commenced within the applicable limitations period. *State v. King*, 103 Ohio App.3d 210, 212, 658 N.E.2d 1138 (10th Dist.1995); *State v. Martin*, 8th Dist. Cuyahoga No. 100753, 2015-Ohio-761.

{¶9} In this case, D.F. alleged that Pettry raped her on May 2, 1994. The state indicted John Doe #27 for the rape and kidnapping of D.F. on May 2, 2014, the day the statute of limitations was set to expire. Although the state indicted John Doe #27, not Pettry, it argues that the trial court erred in dismissing the indictment because law

enforcement exercised reasonable diligence in furtherance of commencing the prosecution of Pettry. We disagree.

**{¶10}** This court has recently upheld the dismissal of a John Doe indictment under similar circumstances. *State v. Gulley*, 8th Dist. Cuyahoga No. 101527, 2015-Ohio-3582, *discretionary appeal not allowed by* 144 Ohio St.3d 1505, 2016-Ohio-652, 45 N.E.3d 1050. In *Gulley*, the victim alleged she was raped on October 14, 1993, and gave police Gulley's name. The police interviewed Gulley and had his address and social security number. The police closed the investigation shortly after the alleged rape because the victim failed to give a formal statement. In 2012, the victim's rape kit was submitted for testing to BCI. In October 2013, the victim was shown a photo array and identified Gulley as the man who had raped her. On October 11, 2013, the state indicted "John Doe." In January 2014, BCI did a DNA comparison and found that the DNA in the profile matched Gulley's DNA. Two months later, the state amended the indictment to add Gulley as the defendant. *Id.* at ¶ 6.

**{¶11}** Gulley filed a motion to dismiss based on preindictment delay, which the trial court granted. This court affirmed, but based on different grounds, holding that to indict a known defendant as John Doe is contradictory to the intent behind the statute of limitations. *Id.* at ¶ 16. This court was concerned that using the name "John Doe" with a DNA profile in the indictment, instead of naming Gulley, was insufficient because Gulley was a named suspect at the time of the rape and, moreover, the victim again identified Gulley from a photo array several days prior to the statute of limitations

expiring.  *Id.* at ¶ 15.  This court concluded that reasonable diligence does not support the use of a John Doe-DNA indictment where law enforcement had the defendant's name but simply failed to investigate the matter further because the victim did not show for her interview.  *Id.* at ¶ 16.

{¶12} Likewise, in the case at bar, when D.F. reported the alleged rape in May 1994, she told the police that her former boyfriend assaulted her.  While the police did have the defendant's last name as Perry, instead of Pettry, they had Pettry's correct address and a description of him.  In 2014, the victim again identified Pettry as the perpetrator.[1]  Not only did D.F. identify Pettry before the statute of limitations expired and the police met with and secured a buccal swab from Pettry, but, unlike what occurred in *Gulley*, the DNA match in this case was made *prior* to the expiration of the statute of limitations.

{¶13} In *Gulley*, this court determined that a DNA match was not necessary to indict the defendant by name when he was known at the time of the alleged rape and the victim again identified him once the case was reopened but before the statute of limitations expired.  In this case, not only was Pettry's identity not at issue, but the state had a DNA match *before* the statute of limitations expired.

{¶14} Because the statute of limitations in this case expired by the time the indictment was amended to contain Pettry's name, dismissal was proper; the underlying

---

[1]The record also reflects that the defendant and D.F. have a child together, although it is unclear whether the child was born before or after the alleged rape.  Nevertheless, identity was not at issue in this case.

prosecution was not commenced within the statutorily prescribed 20-year-time period. Therefore, the trial court did not err by granting Pettry's motion to dismiss. The sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR