[Cite as *State v. Hawkins*, 2019-Ohio-3889.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                            No. 107821

    v. :

MARVIN HAWKINS, :

    Defendant-Appellant. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-611578-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Milton A. Kramer Law Clinic, Carmen P. Naso, Supervising Attorney, and Sarah Lucey, Jaclyn Cole, and Alan Ellis, Certified Legal Interns, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Marvin Hawkins appeals from his convictions of several felony offenses that stemmed from a physical altercation between his girlfriend and him.

Although the incident occurred in March 2011, Hawkins was not indicted until December 2016 and was not arraigned until April 2018. On appeal, Hawkins argues his trial counsel provided ineffective assistance of counsel for failing to file a motion to dismiss the indictment on grounds of the state's failure to commence the criminal action within the statute of limitations prescribed in R.C. 2901.13. Having reviewed the record and applicable law, we find merit to Hawkins's claim. We reverse his convictions and remand this case to the trial court to allow Hawkins to file a motion to dismiss on grounds of the expiration of the statute of limitations for his offenses.

**Substantive and Procedural Background**

{¶ 2} In 2011, Hawkins lived with his girlfriend Toni Brown. One night Hawkins returned from a bar intoxicated and a physical altercation ensued between the two. Hawkins and Brown described the incident differently. According to Brown, Hawkins asked her for money and became upset when he was told she did not have money. He then urinated on the bedroom floor. Brown became fearful and tried to call her mother. When she reached for her cell phone, Hawkins grabbed her phone and threw it against the wall. When Brown tried to reach for her house phone, Hawkins threw it as well and tried to choke her. Hawkins then went through her purse, taking cash and her bank card. Brown grabbed Hawkins's face and banged it against the wall. Hawkins, in turn, grabbed her and choked her again. After Hawkins left with his cousin, who was in the house during the incident, Brown replaced the battery that had fallen out of the house phone and called her mother, who then called the police. The police showed up and took Brown's statement

regarding the altercation. The police also took pictures of her face and neck. Brown did not have any contact with Hawkins after this incident other than receiving a few text messages from him.

{¶ 3} According to Hawkins, the two started fighting because Brown saw names of some women in his phone and became jealous. He urinated on the bedroom floor because Brown would not let him leave to use the bathroom. He admitted grabbing her arms and pushing her out of the way, but denied choking her.

{¶ 4} The incident occurred on March 20, 2011, and it was immediately investigated by the police, yet the state did not file charges against Hawkins for five years.[1] On December 2, 2016, several months before the expiration of the six-year statute of limitation for felony offenses, the grand jury returned an eight-count indictment against Hawkins for: (1) felonious assault, a second-degree felony, (2) aggravated robbery, a first-degree felony, (3) robbery, a second-degree felony, (4) kidnapping, a first-degree felony, (5) theft, a fifth-degree felony, (6) theft, a first-degree misdemeanor, (7) domestic violence, a first-degree misdemeanor, and (8) disrupting public services, a fourth-degree felony.

{¶ 5} On the same day the indictment was returned by the grand jury, a summons was issued and sent by FedEx to Brown's residence on Grandview Avenue and an arraignment was scheduled for December 16, 2016. Hawkins did not appear at the arraignment, and on that day, a capias was issued for him. Apparently,

---

[1] A detective who was assigned in 2011 to investigate the case was asked at trial why the state took so long to indict the defendant. He alluded to a "policy change" without much elaboration.

Hawkins never received the summons — an entry in the docket dated December 18, 2016, states that a FedEx receipt was returned on December 9, 2016, with a notation "failure of service on party Hawkins/Marvin — unclaimed."[2]

{¶ 6} The next entry on the docket was entered 15 months later. An entry dated April 23, 2018, states that the arraignment scheduled for December 16, 2016, was cancelled. The next entry, dated April 24, 2018, states Hawkins was arraigned. Apparently, he was arrested on the outstanding warrant sometime before April 24, 2018.

{¶ 7} Subsequently, Hawkins waived a jury trial and the matter was tried to the bench on September 5, 2018. The trial court found him guilty of all eight counts and sentenced him to three years in prison, but credited him with 158 days of jail time served.

{¶ 8} On appeal, Hawkins raises two assignments of error for our review:

I. The appellant received ineffective assistance of counsel when counsel failed to file a motion to dismiss the indictment for failure to commence the action in compliance with R.C. 2901.13.

II. The trial court erred when it failed to grant the appellant's Rule 29 motion at the conclusion of the state's case in chief.

{¶ 9} Under the first assignment of error, Hawkins argues his trial counsel provided ineffective assistance of counsel in failing to file a motion to dismiss the

---

[2] Although the docket states the summons was mailed to Brown's residence on Grandview Avenue, documentation showing the summons was sent is missing from the file in this case. Also missing from the file is the FedEx receipt showing a failure of service.

indictment on grounds that the criminal action was not commenced within the statutory time for prosecution prescribed in R.C. 2901.13.

{¶ 10} As an initial matter, we note that a failure to file a motion to dismiss waives the statute of limitations offense; however, the issue can be reviewed in an ineffective-assistance-of-counsel claim on appeal. *State v. Asadi-Ousley*, 2018-Ohio-4431, 120 N.E.3d 520, ¶ 26 (8th Dist.), citing *State v. Grant*, 12th Dist. Butler No. CA2003-05-114, 2004-Ohio-2810.

**R.C. 2901.13:  The Criminal Statute of Limitations**

{¶ 11} As the Supreme Court of Ohio explained, a criminal statute of limitations is designed to "limit exposure to prosecution to a certain fixed period of time following the occurrence of those acts * * *." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999).  In Ohio, R.C. 2901.13 governs the criminal statute of limitation. As the Supreme Court of Ohio explained, R.C. 2901.13 is not designed to give offenders a chance to avoid criminal liability, but rather, "to discourage inefficient or dilatory law enforcement." *Id.* at 586.  The rationale for the criminal statute of limitations is that a criminal prosecution should be based on reasonably fresh and more trustworthy evidence.  *Id.*

{¶ 12} When the statute of limitations is a defense to a criminal charge, the state bears the burden of proving that the prosecution of the crime comes within the appropriate statute of limitations.  *Id.* at 587.

**Reasonable Diligence to Execute Process on an Indictment**

{¶ 13} For a felony, a prosecution is barred unless it is "commenced" within six years. R.C. 2901.13(A)(1)(a). R.C. 2901.13(F) defines "commenced" as follows:

> (F) A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information *unless reasonable diligence is exercised* to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, *unless reasonable diligence is exercised* to execute the same.

(Emphasis added.)

{¶ 14} Under the statute, a prosecution is commenced on the date the indictment is returned or on the date a summons is issued, whichever occurs first. Crim.R. 4(D)(3) provides, in pertinent part, that a summons may be served upon a defendant by delivering a copy to him personally; by leaving it at his usual place of residence; or, except when the summons is issued in lieu of executing a warrant by arrest, by mailing it to the defendant's last known address by certified mail with a return receipt requested or by commercial carrier service utilizing any form of delivery requiring a signed receipt.

{¶ 15} "[A] prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant. It is commenced by the issuance of a summons or warrant plus the exercise of reasonable diligence to execute the same." *State v. Morris*, 20 Ohio App.3d 321, 322, 486 N.E.2d 168 (10th Dist.1984). Service in compliance with Crim.R. 4(D) is only the

threshold requirement and it does not end the inquiry. *Morris* at *323. In *Morris*, the state mailed the summons to the defendant by ordinary first class mail. The Tenth District explained that, "in order to ground a claim that reasonable diligence was exercised, the prosecution first was required to demonstrate that an effort had been made to serve the summons in a manner provided by Crim. R. 4(D)." *Id.* The court then explained that, because the threshold requirement was not complied with by the prosecutor in this case, the inquiry "need not progress to the stage where a determination need be made whether an effort to comply with the provisions of Crim. R. 4(D) amounted to an exercise of reasonable diligence to execute the summons." *Id.*

{¶ 16} "[W]hat constitutes reasonable diligence will depend on the facts and circumstances of each particular case." *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983). Once a defendant raises the issue that the statute of limitations has expired, the burden shifts to the state to show that it exercised reasonable diligence to execute process and therefore the statutory time is tolled. *State v. Stamper*, 4th Dist. Lawrence No. 05CA21, 2006-Ohio-722, ¶ 32, citing *Climaco,* 85 Ohio St.3d 582, 586, 709 N.E.2d 1192. *See also State v. King*, 103 Ohio App.3d 210, 212, 658 N.E.2d 1138 (10th Dist.1995). The Supreme Court of Ohio, quoting *Black's Law Dictionary* 412 (5th Ed.1979), has defined reasonable diligence as "'[a] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.'" *Sizemore* at 332. In general,

"reasonable diligence" is exercised where the prosecution can demonstrate that an effort was made to serve the summons in a manner provided by Crim.R. 4(D). *State v. Stevens*, 8th Dist. Cuyahoga No. 67400, 1994 Ohio App. LEXIS 5772, 4 (Dec. 22, 1994), citing *Morris, supra*.

{¶ 17} In this case, the charges against Hawkins stemmed from the incident on March 20, 2011. The criminal prosecution for his felony offenses must therefore be "commenced" within six years, by March 20, 2017. The state indicted him on December 2, 2016, several months before the statutory time ran, but he was not served with the summons or arrested until more than a year later, sometime around April 23, 2018, past the statutory time for prosecution. The question is then whether the state exercised reasonable diligence when serving the summons as to toll the six-year limitations pursuant to R.C. 2901.03(F).

{¶ 18} We note that the court has considered service under Crim.R. 4(D) to constitute due diligence when a summons was served at a defendant's undisputed last known address. *See State v. Stevens*, 8th Dist. Cuyahoga No. 67400, 1994 Ohio App. LEXIS 5772 (Dec. 22, 1994) (appellant did not contest that the address to which summons was sent was the wrong address; as such, the state did not fail to exercise reasonable diligence in commencing prosecution); *Cleveland v. Judd*, 8th Dist. Cuyahoga No. 80953, 2003-Ohio-29 (appellant conceded he lived at the address that the summons was mailed to and therefore the court concluded the state's mailing the summons by certified mail under Crim.R. 4(D) constituted due diligence); and *Cleveland v. Anderson*, 8th Dist. Cuyahoga No. 60998, 1992 Ohio

App. LEXIS 4353 (Aug. 27, 1992) (it was undisputed appellant lived at the address to which the summons was mailed throughout the pendency of the case).

{¶ 19} However, this is not the case here. The state sent the summons to Hawkins's last known address, which happened to be the victim's (his ex-girlfriend) address. By the time the state issued the summons five years after the incident, Hawkins no longer lived there. In fact, Hawkins no longer lived in the state of Ohio — in 2013 he moved to Georgia to live with his mother. The summons sent by FedEx to Brown's residence five years after the incident was returned "unclaimed." The docket does not reflect any subsequent attempts to locate Hawkins or serve the summons. From this record, it appears the state may not have exercised reasonable diligence to execute process regarding Hawkins's indictment.

{¶ 20} In response to Hawkins's contention, the state does not identify anything from the record that would evince its efforts or diligence but instead argues that the statute of limitations was tolled in this case because Hawkins "purposely avoided prosecution," citing R.C. 2901.13(H).

**Purposely Avoids Prosecution**

{¶ 21} R.C. 2901.13(H) states:

(H) The period of limitation shall not run during any time when the accused purposely avoids prosecution. Proof that the accused departed this state or concealed the accused's identity or whereabouts is prima-facie evidence of the accused's purpose to avoid prosecution.

"Where the defendant himself causes the delay by going into hiding and the government pursues him with reasonable diligence, a claim asserting statute of

limitations would fail." *State v. Pannell*, 2017-Ohio-4286, 92 N.E.3d 280, ¶ 28 (5th Dist.), citing *Doggett v. United States*, 505 U.S. 647, 656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

{¶ 22}The state alleges that Hawkins purposely avoided prosecution by "leaving Ohio after this incident fleeing to the State of Georgia, where he lived under an assumed alias." To support the allegation, the state only points to the defense counsel's passing statement at trial that Hawkins "has a hold in Georgia for another offense" and Hawkins's own statement at trial that his legal last name as it appears on his birth certificate is "Nicholson." In support of its claim, the state cites *State v. Epps*, 8th Dist. Cuyahoga No. 73308, 1998 Ohio App. LEXIS 5920, 13 (Dec. 10, 1998) (the tolling provisions of R.C. 2901.13 apply because appellant admitted that he left Cleveland to avoid prosecution and he used an alias to conceal his identity).

{¶ 23} Pursuant to R.C. 2901.13(H), departing from the state and using an alias are prima-facie evidence of an accused's purposely avoiding prosecution. It appears from the record before us, however, that Hawkins would be able to present evidence to rebut the state's claim that he purposely avoided prosecution. At the sentencing hearing, he stated that he did not know he had the criminal charges against him. After the incident in March 2011, he moved to a different area of the city, and did not move to Georgia to live with his mother until the end of 2013, two years after the incident and three years before the indictment was issued. Thus, no prosecution existed at the time he left Ohio for him to purposely avoid. *See State v. Russell*, 182 Ohio App.3d 191, 2009-Ohio-1747, 912 N.E.2d 147, ¶ 17 (6th Dist.)

(defendant's departure from the state could not operate to toll the statute of limitations because no prosecution existed at the time of his departure for him to purposely avoid); and *State v. Parsons*, 3d Dist. Putnam No. 12-05-06, 2005-Ohio-5755 (the court rejected the state's claim that the defendant purposely avoided prosecution, noting the defendant moved out of state prior to when a warrant was issued for his arrest). As to the state's allegation of an alias, Hawkins alluded to being placed in a witness protection program with his mother when he was 11 years old due to his mother's involvement in a criminal matter and he explained that the use of a different last name was related to his placement in the witness protection program.

{¶ 24} The state cites *State v. Rodriguez*, 8th Dist. Cuyahoga No. 89198, 2007-Ohio-6835, in support of its claim that the statute of limitations was tolled because Hawkins failed to appear at his arraignment scheduled for December 16, 2016, and a capias was issued for his arrest. In *Rodriguez*, the docket reflected a capias was issued and this court explained that a capias was an arrest warrant and, when a capias was issued following indictment, it indicated the accused has failed to appear for arraignment. Because the defendant failed to appear at his arraignment, this court concluded the defendant purposely avoided prosecution and therefore the statute of limitations was tolled. *Id.* at ¶ 33. *Rodriguez* is distinguishable because Hawkins never received the summons — the summons was sent to the victim's (his ex-girlfriend) residence five years after he was known to reside there and, unsurprisingly, it was returned to the clerk's office "unclaimed." Unlike the

defendant in *Rodriguez*, Hawkins's failure to appear at the arraignment cannot be considered evidence of his "purposely avoiding prosecution" — one cannot "purposely" avoid something one is unaware of. *Rodriguez* is inapposite.

**Ineffective Assistance of Counsel**

{¶ 25} Because Hawkins's trial counsel did not file a motion to dismiss, Hawkins did not have the opportunity to rebut the state's allegation that he purposely avoided prosecution and the statute of limitations was tolled. Instead, Hawkins's argument regarding the statute of limitations is framed on appeal as a claim for an ineffective assistance of counsel.

{¶ 26} To establish ineffective assistance of counsel, an appellant must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, every properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). And, counsel's performance will not be deemed ineffective unless and until the performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *State v. Iacona*, 93 Ohio St.3d 83, 105, 2001-Ohio-1292, 752 N.E.2d 937. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the

defense was prejudiced by counsel's ineffectiveness." *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976).

{¶ 27} Furthermore, we recognize that there are countless ways for an attorney to provide effective assistance in a given case and we must give great deference to counsel's performance. *Strickland* at 689. Trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371. A debatable decision involving trial tactics does not generally constitute a deprivation of effective counsel. *State v. McCuller*, 8th Dist. Cuyahoga No. 86952, 2006-Ohio-302, ¶ 46.

{¶ 28} Under the circumstances of this case, however, there does not seem to be a tactic or strategic reason for counsel's not filing a motion to dismiss based on the expiration of the statutory time for prosecuting Hawkins's offenses. The state bears the burden to show a prosecution is timely commenced, and our review of the record before us shows there is a reasonable probability that the state may not be able to sustain its burden of showing that it exercised reasonable diligence in executing process of the indictment upon Hawkins and that he "purposely avoided" prosecution. The record reflects that Hawkins had indeed asked his trial counsel to file a motion to dismiss based on the delay in prosecution,[3] but his counsel responded the case law did not apply to him.

---

[3] At sentencing, Hawkins stated to the court that "I asked my lawyer to file a motion to dismiss this case concerning the delay of prosecution, delay of indictment being five-and-half years old, which violated my due process of law * * *."

{¶ 29} Thus, although our review of the record reflects that Hawkins's counsel zealously represented Hawkins during the criminal trial, we are compelled to conclude that counsel's performance fell below an objective standard of reasonable representation and there is a reasonable probability that the outcome of this case would have been different if counsel had filed a motion to dismiss based the statute of limitations. *Accord State v. Berry*, 8th Dist. Cuyahoga No. 106415, 2018-Ohio-4855 (sustaining appellant's ineffective-assistance-of-counsel claim based on counsel's failure to file a motion to dismiss on the ground of the state's failure to timely prosecute the case).[4] The first assignment of error is sustained and the second assignment is moot.

{¶ 30} We are cognizant of the fact that the victim may be denied justice because of a lack of reasonable diligence by the state in executing process of the indictment. However, we must apply R.C. 2901.13 as it is written.

{¶ 31} Appellant's convictions are reversed, and the case is remanded to the trial court to allow appellant the opportunity to file a motion to dismiss and present evidence for his claim of untimely prosecution based on R.C. 2901.13.

{¶ 32} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[4] We note that *State v. Berry* has been accepted by the Supreme Court of Ohio for a jurisdictional review. *State v. Berry*, *08/21/2019 Case Announcements*, 2019-Ohio-3263.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR