[Cite as *Cleveland v. Bermudez*, 2020-Ohio-4296.]

**OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                No. 109018

    v.                                        :

DANIEL BERMUDEZ,                      :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 3, 2020

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2014 CRB 025018

---

***Appearances:***

Barbara A. Langhenry, Cleveland Director of Law, Karrie Howard, Chief Prosecutor, and Nicholas Kolar, Assistant City Prosecutor, *for appellee*.

Mark A. Stanton, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Daniel Bermudez, appeals the trial court's decision denying his motion to dismiss. For the reasons that follow, we reverse his

convictions and remand to the trial court to conduct an evidentiary hearing on Bermudez's motion.

{¶ 2} On August 28, 2014, Bermudez was charged with one count each of domestic violence in violation of R.C. 2919.25, and assault in violation of Cleveland Codified Ordinances 621.03 — both first-degree misdemeanors. A registered warrant was issued on the same day.

{¶ 3} On June 25, 2019, Bermudez was arrested on the outstanding warrant. On August 5, 2019, he filed a motion to dismiss contending that prosecution did not commence within the relevant statute of limitations pursuant to R.C. 2901.13(A)(1)(b). Bermudez also requested an oral hearing on his motion. On the same morning that the motion was scheduled to be heard, the city filed its opposition to Bermudez's motion. The trial court summarily denied the motion in open court without taking any testimony or hearing any argument.

{¶ 4} On a later day, a bench trial commenced where following the close of testimony, the trial court found Bermudez guilty of domestic violence and assault, and sentenced him to 180 days in jail for each offense. The court ordered that he serve 30 days in jail and suspended the remaining days. Following his jail sentence, Bermudez was to serve three years of active probation with conditions, including completing domestic violence intervention and education training and performing 100 hours of community work service. The trial court denied Bermudez's request for a stay of sentence pending appeal.

{¶ 5} Bermudez now appeals, contending in his sole assignment of error that the trial court erred in denying his motion to dismiss because the city failed to commence prosecution of the case within the applicable two-year statute-of-limitations period.

{¶ 6} The standard of review for a trial court's ruling upon a motion to dismiss for failure to comply with the statute of limitation "'involves a mixed question of law and fact. Therefore, we accord due deference to a trial court's findings of fact if supported by competent, credible evidence, but determine independently if the trial court correctly applied the law to the facts of the case.'" *State v. Bess*, 182 Ohio App.3d 364, 2009-Ohio-2254, 912 N.E.2d 1162, ¶ 23 (8th Dist.), quoting *State v. Stamper*, 4th Dist. Lawrence No. 05CA21, 2006-Ohio-722, ¶ 30.

{¶ 7} For first-degree misdemeanors, prosecution must commence within two years. R.C. 2901.13(A)(1)(b). The word "commenced" is defined as:

> A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.

R.C. 2901.13(F). "'[A] prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant. It is commenced by the issuance of a summons or warrant plus the exercise of reasonable

diligence to execute the same.'" *State v. Hawkins*, 8th Dist. Cuyahoga No. 107821, 2019-Ohio-5133, ¶ 15, quoting *State v. Morris*, 20 Ohio App.3d 321, 322, 486 N.E.2d 168 (10th Dist.1984); see also Crim.R. 4(D) ("A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process unless reasonable diligence is exercised to execute the same.").

{¶ 8} Reasonable diligence will depend on the facts and circumstances of each particular case. *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983). The Supreme Court of Ohio, quoting *Black's Law Dictionary* 412 (5th Ed.1979), has defined "reasonable diligence" as "'[a] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.'" *Sizemore* at *id.* In general, the prosecution exercises "reasonable diligence" when it can demonstrate that it made an effort to serve the summons in a manner provided by Crim.R. 4(D). *State v. Stevens*, 8th Dist. Cuyahoga No. 67400, 1994 Ohio App. LEXIS 5772, 4 (Dec. 22, 1994), citing *Morris* at 323.

{¶ 9} Once a defendant raises the issue that the statute of limitations has expired, the burden shifts to the state to show that it exercised reasonable diligence to execute process and therefore tolling the statutory time. *Hawkins* at ¶ 16, citing *Stamper*, 4th Dist. Lawrence No. 05CA21, 2006-Ohio-722 at ¶ 32, citing S*tate v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999).

{¶ 10} In this case, the charges stemmed from an incident that allegedly occurred "on or about August 25, 2014." Accordingly, prosecution had to commence within two years, or August 25, 2016. The city filed a criminal complaint against Bermudez on August 28, 2014, and issued a registered warrant. Nothing in the record before this court indicates that the city made any attempt to execute the warrant or notify Bermudez of the pending charges until his arrest on June 25, 2019. Accordingly, Bermudez has satisfied his burden of raising the issue that the statute of limitations expired. The burden now shifts to the city to demonstrate that it exercised reasonable diligence in executing the warrant or that a tolling event occurred.

{¶ 11} The city contends on appeal, as it did in the trial court, that the case was commenced within the applicable two-year statute of limitations because in 2015, the "case was placed in collections and a summons was issued via registered mail using his current address informing [Bermudez] of the charges and the corresponding date for arraignment." Our review of the record reveals that the court's docket contains an entry dated December 4, 2015, that states: "Case Placed [i]n Collections[.] Bermudez, Daniel was sent notice for $127.00[.] Printed on 12/04/2015 12:33:08.76." The record before this court does not contain any summons or documentation demonstrating that the city sent notice of any type to Bermudez by registered mail or by any other means. In fact, when this notice was supposedly sent, no scheduled arraignment date existed. Accordingly, the issue remains whether the city exercised reasonable diligence.

**{¶ 12}** Additionally, the statute of limitations period may be tolled when the accused purposely avoids prosecution. Pursuant to R.C. 2901.13(H),

> [t]he period of limitation shall not run during any time when the accused purposely avoids prosecution. Proof that the accused departed this state or concealed the accused's identity or whereabouts is prima-facie evidence of the accused's purpose to avoid prosecution.

**{¶ 13}** The Ohio Supreme Court opined that the term "prosecution" should be read in the more general sense, and that it "is not limited to the crimes of which authorities are aware or for which the accused has been indicted." *State v. Bess*, 126 Ohio St.3d 350, 2010-Ohio-3292, 933 N.E.2d 1076, ¶ 31. Accordingly, the Supreme Court held that "the statute of limitations is tolled for all offenses committed by an accused during the time when the accused purposely avoids prosecution for any offense, regardless of whether an indictment has been returned or whether the underlying criminal activity has been discovered." *Id.* at ¶ 32; *Sate v. Mason*, 8th Dist. Cuyahoga No. 102343, 2015-Ohio-3034.

**{¶ 14}** However, this presumption is rebuttable, however, and the accused may demonstrate that he had no intention or purpose of avoiding prosecution when he left the state. *State v. Martin*, 8th Dist. Cuyahoga No. 100753, 2015-Ohio-761, ¶ 14, citing *State v. Taylor*, 9th Dist. Lorain No. 97CA006804, 1998 Ohio App. LEXIS 2791 (June 24, 1998). Accordingly, the issue remains whether Bermudez rebutted the presumption that he "purposely" avoided prosecution for the offenses that allegedly occurred in 2014.

{¶ 15} The trial court did not conduct an evidentiary hearing on Bermudez's motion despite his request for an oral hearing. When the motion was set for hearing, the trial court summarily, and rather abruptly, denied it without considering any discussion or argument from the parties. Additionally, the trial court made no factual findings at the time when it denied the motion for this court to consider.

{¶ 16} Cleveland Municipal Court Loc.R. 7.02 provides,

[M]ost motions shall be determined without oral argument. Oral hearings will be permitted where:

1. the disposition of the motion turns upon a disputed fact

2. the disposition of the motion turns upon evidence which cannot be presented in documentary form

3. for good cause shown.

{¶ 17} Our review of Bermudez's motion to dismiss and the city's opposition, reveals that Loc.R. 7.02 was satisfied because the disposition of Bermudez's motion turns on disputed facts. Specifically, whether the city exercised reasonable diligence in executing the registered warrant, whether Bermudez's relocation following the alleged incident was to purposely avoid prosecution, and whether Bermudez could present any evidence to rebut any presumption that his relocation was to purposely avoid prosecution. Accordingly, we find that the trial court's summary disposition of the Bermudez's motion was an abuse of discretion and deprives this court meaningful appellate review. The assignment of error is sustained.

{¶ 18} Judgment reversed and the case is remanded to the trial court to conduct an evidentiary hearing on Bermudez's motion to dismiss.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR