JOURNAL ENTRY and OPINION
{¶ 1} In 1999, after the grand jury returned a four-count indictment against appellee, Jeffrey Jackson ("Jackson"), the state attempted to serve Jackson by regular mail to an address on East 135th Street in Cleveland. The summons, however, was returned to the state with "address unknown" as the reason for the failed service. When Jackson did not appear at his arraignment, the trial court issued a capias warrant. At no time after the summons was returned did the state attempt to notify or serve Jackson with the summons.
 {¶ 2} In 2005, the sheriff's department located Jackson in federal prison and sent a hold letter with a copy of the warrant attached to Jackson. Upon learning of the outstanding warrant, Jackson filed his motion to quash warrant and dismiss case based on the six-year statute of limitations that had passed between the dates the alleged offenses were committed, 1997 through 1998, and the date the summons was issued, 2005. After a hearing, the trial court granted Jackson's motion and dismissed the case with prejudice. In particular, the trial court found that the state did not exercise reasonable diligence when issuing the summons and, as a result, the prosecution of the case was not commenced within the applicable six years of the commission of the offenses. The state now appeals.
 {¶ 3} The state argues, as its sole assignment of error, that the trial court erred in dismissing the case by relying upon R.C.2901.13 when it should have relied upon R.C. 2941.401. The state contends that the reasonable diligence that is required under R.C. 2901.13(E) is inapplicable when the defendant, like Jackson, is incarcerated. Instead, the state asserts that R.C. 2941.401
applies to incarcerated defendants and relinquishes the state of any duty to use "reasonable diligence" to locate them. However, the state's argument is without merit.
 {¶ 4} R.C. 2901.13 provides in pertinent part as follows:
 {¶ 5} "(A) (1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
 {¶ 6} "(a) For a felony, six years;
 {¶ 7} "* * *
 {¶ 8} "(E) A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."
 {¶ 9} The state wants this court to hold that because Jackson was incarcerated, it was under no obligation to exercise "reasonable diligence" to find him because the charges were pending against Jackson and he failed to notify the state that he wanted to be prosecuted on the pending charges, as required by R.C. 2941.401. In reliance, the state cites State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, ¶ 20, 804 N.E.2d 471, where the Supreme Court of Ohio held that the burden was not on the state to exercise due diligence in finding Hairston, an incarcerated defendant, to prosecute him on the pending charges when Hairston failed to comply with the notification requirements of R.C. 2941.401. However, Hairston is inapposite to the case here, because Jackson, unlike Hairston, did not receive notice of the indictment and was not informed by the records supervisor at the correctional institution that charges were pending against him. As a result, Hairston and R.C. 2941.401 do not apply to the instant matter.
 {¶ 10} Here, six years has expired since the indictment in 1999 and when the warrant was issued to Jackson in federal prison in 2005. Unless the state can demonstrate that it exercised "reasonable diligence" to execute the warrant within that eight-year gap, prosecution of the case has not commenced within the purview of R.C. 2901.13(E). The state admitted that its first and only attempt at serving Jackson with the summons was by regular mail in 1999. This mailing did not comply with Crim.R. 4(D)(3)'s requirement that it must be sent by certified mail with a return receipt requested. The state also admitted that it made no further attempts to serve Jackson after the summons was returned and marked "address unknown" in 1999. The mere lack of additional efforts to locate Jackson to serve him with the summons for eight years is indicative of the state's failure to exercise any diligence, much less the requisite "reasonable diligence." Thus, the trial court properly granted Jackson's motion to quash and properly dismissed the case with prejudice for failure to commence the prosecution within the six-year statute of limitations provided in R.C. 2901.13(A)(1)(a).
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Rocco, J., concur.