[Cite as *State v. Berry*, 2018-Ohio-4855.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 106415

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ALBERT BERRY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
VACATED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-592209-A

**BEFORE:** Kilbane, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Edward R. Fadel
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Albert Berry ("Berry"), appeals his rape and kidnapping convictions on statute of limitations or preindictment delay grounds. For the reasons set forth below, we vacate Berry's convictions and remand for further proceedings consistent with this opinion.

{¶2} On December 30, 2014, Berry was charged in a five-count indictment arising from a January 8, 1995 incident with S.S. Counts 1 and 2 charged him with rape. Counts 3 and 4 charged him with attempted rape. Count 5 charged him with kidnapping and carried a sexual motivation specification. On December 31, 2014, a summons was also issued and mailed to Berry's last known address. That same day, a warrant was issued and sent to the sheriff for execution. Berry was not arrested until December 7, 2016, which was nearly two years after he

was indicted and 22 years after the incident occurred. Defense counsel did not file a motion to dismiss the charges at the trial court.

{¶3} The matter proceeded to a bench trial in September 2017. The evidence presented at trial revealed that S.S. lived with her cousin, K.S., in the Garden Valley housing complex. K.S. and S.S. had a party at their apartment on January 7, 1995. Berry was in attendance at the party. S.S. and K.S. knew Berry through relatives. At the conclusion of the night, K.S. went to sleep in her bedroom. She awoke to a knock at the front door and let Berry into the apartment. S.S. was asleep on the couch. S.S. testified that she was awakened by Berry "having sex with me from behind." S.S. immediately jumped up and ran into the bathroom. By the time she exited the bathroom, Berry had left the apartment. S.S. then awakened K.S. and asked how Berry got into the apartment. K.S. indicated that she had let him in the apartment after everyone went to bed.

{¶4} S.S. informed the police of this incident days later when Berry was fleeing from the police and ran into her apartment. That day, another cousin of S.S.'s allowed Berry in the apartment to hide from the police who were pursuing him on another matter. When S.S. observed Berry in the apartment, she allowed the police to enter. S.S. explained to the police that she did not want Berry in her apartment because he assaulted her in her sleep a few days ago. Berry was then arrested for the incident with S.S., and a police report was filed naming Berry as a suspect.

{¶5} S.S. then went to the hospital on January 11, 1995 for a rape kit. S.S., however, did not stay in contact with law enforcement or follow through with the investigation because of her own legal troubles at the time. S.S. did not hear from anyone about the incident until Investigator Kenneth Riolo ("Investigator Riolo") knocked on her door in 2014. She told

Investigator Riolo about the January 8, 1995 incident with Berry and identified Berry as her attacker from a photo array.

{¶6} Investigator Riolo also testified about his attempt to locate Berry. Investigator Riolo spoke with Berry's mother and two of Berry's ex-girlfriends. Investigator Riolo did not subpoena any official records that would have included Berry's contact information, but he was aware that Berry was making child support payments through the Cuyahoga County Child Support Enforcement Agency ("CSEA"). Investigator Riolo did not seek out Berry's contact information through the agency, and he did not have any evidence that Berry left the county.

{¶7} S.S.'s rape kit was tested by the state in October 2012. The initial profile results partially matched another individual as the possible source of the DNA. This individual was later excluded as a source after further testing revealed that his DNA was not a match. Investigator Riolo did not obtain a DNA sample from Berry until he was arrested in December 2016. A forensic scientist from the Ohio Bureau of Criminal Investigation analyzed the DNA from S.S.'s rape kit and was able to conclude that Berry's DNA was located on the vaginal sample at a frequency of 1 in 90 million.

{¶8} At the conclusion of trial, the court found Berry guilty of rape (Count 1), not guilty of attempted rape (Count 4), and guilty of kidnapping with the accompany specification (Count 5). The court had previously granted Berry's Crim.R. 29 for Counts 2 and 3. The trial court sentenced Berry to a total of three years in prison and classified him as a sexually oriented offender.

{¶9} Berry now appeals, raising the following single assignment of error for review.

Assignment of Error

[Berry] was deprived of his sixth amendment right to effective assistance of counsel because his trial lawyer failed to seek this prosecution's dismissal on statute of limitations or preindictment delay due process grounds.

**{¶10}** Berry argues that defense counsel was ineffective for failing to file a motion to dismiss based on statute of limitation or preindictment delay grounds.

**{¶11}** In order to establish ineffective assistance of counsel, Berry must demonstrate that: (1) counsel's performance fell below an objective standard of reasonable representation, which requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**{¶12}** Berry argues that while the indictment was issued one week before the 20-year statute of limitations would have expired, the prosecution of his case may have been untimely under R.C. 2901.13. Berry further argues that even if the 20-year statute of limitations did not expire, the indictment was not timely executed because he was indicted on December 30, 2014, and was not arrested on the charges until December 7, 2016. Berry contends the authorities failed to exercise reasonable diligence in executing the indictment.

**{¶13}** Former R.C. 2901.13(A)(3) provides that the prosecution of rape shall be barred unless it is commenced within 20 years of the offense, which would put the conclusion of the statute of limitations in the instant case at January 8, 2015. Berry was indicted on December 30, 2014, which was within the 20-year time limit. Under R.C. 2901.13(E), however, a prosecution

is commenced on the date an indictment is returned or on the date a warrant, summons, citation, or other process is issued, whichever occurs first.[1] The return of an indictment does not commence a prosecution unless "reasonable diligence" is used to issue and execute the indictment. *Id.* "[W]hat constitutes reasonable diligence will depend on the facts and circumstances of each particular case." *Sizemore v. Smith,* 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983). Reasonable diligence "requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.*

{¶14} In *State v. Myers*, 8th Dist. Cuyahoga No. 87973, 2007-Ohio-279, ¶ 17, this court found that the state failed to exercise reasonable diligence and the matter did not commence within the six-year limitations period. *Accord State v. King*, 103 Ohio App.3d 210, 658 N.E.2d 1138 (10th Dist.1995), (reasonable diligence was not found where the state made only one attempt to serve a summons); *State v. McNichols*, 5th Dist. Stark No. 2000CA00058, 2000 Ohio App. LEXIS 4071 (Sept. 5, 2000) (single attempt to serve defendant in 12 years was not reasonable diligence). In *Myers*, the defendant was arrested under an alias name and indicted under another improper name for the offenses. The state's attempt to serve the defendant with the indictment via certified mail was returned as unknown, and a capias was issued for his arrest. More than 12 years later, the trial court journalized an entry indicating that the "capias recalled on." *Id.* at ¶ 5.

{¶15} In reaching our decision, we relied on *State v. Jackson*, 8th Dist. Cuyahoga No. 86755, 2006-Ohio-2468,_ ¶ 10, where this court determined that the state had failed to use reasonable diligence where it served the defendant, but the summons was returned marked

---

[1]At the time of the indictment in 2014, this section was codified under R.C. 2901.13(E). The statute was amended in 2015, and this section is now codified under R.C. 2901.13(F).

"address unknown" in 1999, and no additional efforts were made to serve or to locate the defendant until 2005. The *Jackson* court stated:_

> The state also admitted that it made no further attempts to serve Jackson after the summons was returned and marked "address unknown" in 1999. The mere lack of additional efforts to locate Jackson to serve him with the summons for eight years is indicative of the state's failure to exercise *any* diligence, much less the requisite "reasonable diligence." Thus, the trial court properly granted Jackson's motion to quash and properly dismissed the case with prejudice for failure to commence the prosecution within the six-year statute of limitations provided in R.C. 2901.13(A)(1)(a).

(Emphasis sic.) *Id.*

{¶16} A review of the instant case reveals that the police arrested Berry for the rape of S.S., a short time after the January 1995 incident, when they were chasing after him on another matter. Berry happened to run into S.S.'s apartment, and S.S. notified the police at that time that Berry assaulted her in her sleep. The police made a report and named Berry as a suspect. S.S. did not follow up with the rape case because of her own legal troubles. Berry was not then brought to law enforcement's attention again until 2014, when Investigator Riolo was investigating a hit on S.S.'s rape kit.

{¶17} Investigator Riolo then attempted to locate Berry. He talked with Berry's mother and two ex-girlfriends. Investigator Riolo never located Berry, but still proceeded with issuing an indictment based on S.S.'s identification, the original police report, and the facts that S.S. had detailed. Berry was indicted and a warrant was issued on December 30, 2014. On January 15, 2015, Berry's summons was returned via FedEx for a "bad address." The case was then stagnant for nearly two years until Berry was arrested on December 7, 2016. Consequently, nearly 22 years passed since the incident in January 1995. This was not Berry's first arrest in the matter. He was arrested back in 1995 for the incident, but at the time S.S. chose not to proceed

with the case. During Investigator Riolo's investigation in 2014, he was aware that Berry was making child support payments, but he did not seek out Berry's contact information through the county agency. Based on these facts, the lack of additional efforts to locate Berry is indicative of the state's failure to exercise the requisite "reasonable diligence" to commence the prosecution within the 20-year limitations period.

{¶18} We note that R.C. 2901.13(G) provides for a tolling of the period of limitation when the accused has concealed his identity or whereabouts. This does not appear to be the case in the matter before us. Investigator Riolo was aware that Berry was paying child support through CSEA at the time of his investigation. In addition, there was no evidence that Berry left the county.

{¶19} In light of the foregoing, we are compelled to conclude that Berry was prejudiced by defense counsel's performance, which fell below an objective standard of reasonable representation. A reasonable probability exists that Berry's case would have been dismissed had defense counsel filed a motion to dismiss the indictment.

{¶20} Accordingly, the sole assignment of error is sustained.

{¶21} Judgment is vacated. The matter is remanded with instructions for the trial court to appoint Berry new counsel and allow Berry to file a motion to dismiss the indictment.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR