[Cite as *State v. Hill*, 2025-Ohio-4565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240703 |
| | | TRIAL NO. C/21/CRB/22014 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| STEPHANIE HILL, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the appellant discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/1/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

**[Cite as *State v. Hill*, 2025-Ohio-4565.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240703 |
| | | TRIAL NO. C/21/CRB/22014 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| STEPHANIE HILL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: October 1, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

{¶1}   In December 2021, the State charged defendant-appellant Stephanie Hill with misdemeanor theft. Though the State had Hill's address, it made no effort to serve Hill with the arrest warrant and did not arrest her until two-and-a-half years had passed. The trial court denied Hill's motion to dismiss on speedy-trial grounds.

{¶2}   This was error. The State made no efforts to serve Hill with the warrant despite having Hill's home address for the entire period. Because the State's negligence caused a significant delay, Hill is entitled to a presumption that she was prejudiced by the delay. And the State failed to rebut this presumption. Consequently, we sustain Hill's assignment of error, reverse the trial court's judgment, and discharge Hill from further prosecution.

## I. Factual and Procedural History

### A. Procedural history

{¶3}   In December 2021, the State charged Hill with one count of theft in violation of R.C. 2913.02, a first-degree misdemeanor. Police arrested Hill in late May 2024.

{¶4}   Hill moved to dismiss the complaint in September 2024, arguing that the State violated her right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution. After a hearing, the trial court denied the motion.

{¶5}   Hill pleaded no contest. The trial court convicted Hill, sentenced her to one day in jail with credit for one day of time served, and waived all fines and costs. Hill has appealed.[1]

---

[1] Hill's appeal is not moot. *See State v. Coffman*, 2024-Ohio-1182, ¶ 8 (1st Dist.).

*B. Facts*

*1. Hearing testimony*

**{¶6}** At the motion-to-dismiss hearing, Corporal Dayne Freidhoff of the Hamilton County Sherriff's Department testified that in December 2021, he investigated a theft at a casino. The casino alleged that Hill had taken money from a patron's purse. Freidhoff spoke with casino staff and observed surveillance footage. He confirmed that he preserved his body-worn camera footage, which recorded his investigation at the casino, including his conversation with the complaining witness. Freidhoff obtained and preserved a copy of the casino's surveillance video. The State did not provide Hill that surveillance footage until after the motion-to-dismiss hearing and after Hill filed a motion to compel.

**{¶7}** Casino staff identified Hill as the theft suspect and gave Friedhoff Hill's home address. Friedhoff spoke on the phone with a person that casino personnel identified as Hill. He testified that he told Hill over the phone, "You can come back or I'm going to issue a warrant." Hill did not return, and Freidhoff caused a warrant to be issued for Hill's arrest that same day. Freidhoff did not attempt to serve the warrant at Hill's address and was unaware of any attempts by law enforcement to serve Hill. Friedhoff explained that he "had the local agency attempt to locate [Hill] before I issued the warrant to obviously no avail."[2]

*2. The trial court denied Hill's motion to dismiss*

**{¶8}** After hearing the evidence, the trial court denied the motion. The court noted that the State had preserved the bodycam and surveillance footage. It explained

---

[2] The State incorrectly asserts that Freidhoff testified that he asked the local agency to locate Hill to serve the warrant. But Freidhoff's actual testimony was that he requested the agency to locate Hill before he issued the warrant. Friedhoff provided no testimony that he or any other person or entity undertook any efforts to locate Hill after the warrant was issued.

that Hill's "due process rights in confronting this evidence are not violated because the evidence was preserved." The trial court found no evidence to suggest that Friedhoff was not credible in stating that he spoke with Hill on the phone, "[a]nd so she was on notice that this warrant existed."

## II. Law and Analysis

**{¶9}** Hill's single assignment of error argues that the trial court erred by denying her motion to dismiss.

### A. Standard of review

**{¶10}** A trial court's decision denying a motion to dismiss based on a speedy-trial-violation claim presents a mixed question of law and fact. *State v. Rice*, 2015-Ohio-5481, ¶ 15 (1st Dist.). We will accept the trial court's factual determinations when they are supported by competent, credible evidence. *State v. Kendrick*, 2023-Ohio-1763, ¶ 11 (1st Dist.). But we review de novo whether the facts satisfy the applicable legal standard. *Id.*; *see State v. Terrell*, 2003-Ohio-3044, ¶ 17 (1st Dist.).

### B. The State may have commenced the proceedings beyond the statute-of-limitations period

**{¶11}** In addition to her constitutional speedy-trial argument raised below, Hill moved to dismiss the indictment based on a statute-of-limitations claim. Hill argued that the State's failure to commence the case with reasonable diligence before the expiration of the two-year statute of limitations caused the statute of limitations to elapse.

**{¶12}** "Statutes of limitations impose time limits for the State to commence prosecutions after a criminal offense is committed." *State v. Jones*, 2025-Ohio-3297, ¶ 49 (1st Dist.) (Bock, J., concurring). But importantly, "[S]imply because law enforcement secures an arrest warrant is not enough to commence a prosecution;

instead, law enforcement must exercise reasonable diligence in 'executing' the warrant." *Id.* at ¶ 51, quoting *State v. King*, 103 Ohio App.3d 210, 212 (10th Dist. 1995); *see* R.C. 2901.13(F). "[I]f the State fails to make any effort to locate a suspect, that effort falls well below the required reasonable diligence." *Jones* at ¶ 55, citing *State v. Jackson*, 2006-Ohio-2468, ¶ 10 (8th Dist.). "[W]hen the State executes a warrant beyond the statutory-limitation period, issues involving delays caused by a lack of reasonable diligence are better suited for statute-of-limitations analyses under R.C. 2901.13." *Id.* at ¶ 60.

{¶13} Though Hill raised a statute-of-limitations argument in her motion to dismiss, she did not further pursue it during the hearing before the trial court, and the trial court did not rule on her statute-of-limitations claim. Further, Hill has not raised the issue on appeal, and she has accordingly abandoned the argument *See State v. Acklin*, 2024-Ohio-1762, ¶ 16 (1st Dist.). The parties' arguments are limited to the constitutional speedy-trial issue, so we do not consider the merits of a statute-of-limitations claim in this case.

### C. *Barker factors*

{¶14} The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const., amend. VI; *see Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).

{¶15} In reviewing constitutional speedy-trial claims under the Sixth Amendment, courts balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-533 (1972). "The *Barker* factors are related and must be considered together, along with such other circumstances as may

6

be relevant to protecting the purposes of the constitutional speedy-trial guarantee." *State v. Muhammadel*, 2021-Ohio-567, ¶ 11 (1st Dist.).

### 1. *Length of the delay*

**{¶16}** Courts need not inquire into *Barker*'s second, third, and fourth balancing factors unless "there is some delay which is presumptively prejudicial." *Barker* at 530-531. But, "[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.*

**{¶17}** This court has found a delay of nine months between the filing of a misdemeanor complaint and the defendant's arrest to be presumptively prejudicial. *State v. Sears*, 2005-Ohio-5963, ¶ 12 (1st Dist.); *see Doggett v. United States*, 505 U.S. 647, 652, fn. 1 (1992) (explaining that a delay of one year "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry.").

**{¶18}** The State concedes that the first *Barker* factor is met in this case by the nearly two-and-a-half-year delay between the State filing the complaint in December 2021 and arresting Hill in May 2024.

### 2. *Reason for the delay*

**{¶19}** Under the second *Barker* factor, courts consider the reason for the delay and who might be at fault. *State v. Jackson*, 2016-Ohio-5196, ¶ 11 (1st Dist.). Both the State and the courts have an """affirmative constitutional obligation" to try the defendant in a timely manner.'" *Id.*, quoting *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987), quoting *Atkins v. Michigan,* 644 F.2d 543, 547 (6th Cir. 1981). To comply with this constitutional duty, the State must make a "diligent good faith effort" to timely bring the defendant to trial. *Id.* The State has the burden to explain reasons for any delay, and an unexplained delay weighs against the State. *Id.*

{¶20} "Different reasons for delay are afforded 'different weights.'" *Muhammadel*, 2021-Ohio-567, at ¶ 16 (1st Dist.), quoting *Barker*, 407 U.S. at 531. The State's intentional delay weighs heavily against the State; negligence, however, weighs less heavily. *Id.* Courts also consider "whether the defendant shares any responsibility for the delay." *Id.* at ¶ 17. This court has held that the second *Barker* factor weighed against the State where it made no efforts to locate the defendant in the greater than four-year period between the warrant's issuance and execution. *Jackson* at ¶ 13.

{¶21} The State failed to make a "diligent good faith effort" to bring Hill to trial. Despite having Hill's name and address, Freidhoff did not attempt to serve the warrant; instead, he turned it over to local law enforcement. And the State presented no evidence that any State actor tried to serve or execute the warrant. Because the State did not attempt to serve the warrant at Hill's address, this factor weighs against the State.

{¶22} In arguing that this factor does not weigh against it, the State asserts that "Friedhoff's reliance on other law enforcement agencies to locate and serve Hill was reasonable." But courts must consider the State's collective effort to bring the defendant to trial. In *Jackson*, this court rejected a similar argument. There, the State argued that because a detective had attempted to locate the defendant for one month, the ensuing four-year delay in which the State made no efforts to locate the defendant was not unreasonable. *Jackson*, 2016-Ohio-5196, at ¶ 12-13 (1st Dist.). Regardless of how reasonable it was for Freidhoff to delegate the task of serving Hill with the warrant, the State failed to make diligent efforts to serve her with that warrant.

{¶23} The State, citing *State v. Gribbins*, 2024-Ohio-2973, ¶ 16 (1st Dist.), contends that Hill was aware of the warrant and bears some of the blame for the delay. In *Gribbins*, this court observed that the defendant would have received a speedier

8

trial had he not fled from a store after a manager confronted him about shoplifting because the State likely could have located him faster. *Id.* But this case is unlike *Gribbins* because there was no evidence that anyone confronted Hill about the theft, that she fled the scene, or that she otherwise evaded service. *Compare State v. Triplett*, 78 Ohio St.3d 566, 568 (1997) (defendant contributed to pretrial delay by refusing to accept certified mail).

**{¶24}** And the State cites no authority to support the idea that an officer's threat to issue a warrant puts someone on notice that there is a warrant out for the person's arrest. There is a meaningful difference between a defendant's actual knowledge that the State has charged her with a crime and an officer's threat—which could be true or false—that the State will charge her with a crime unless she takes some additional action. Regardless, it is the State's "affirmative constitutional obligation" to bring a defendant to trial. *Jackson* at ¶ 11. The State's failure to even attempt to serve the warrant at Hill's known address was not excused by Hill's knowledge that Freidhoff *might* issue a warrant for her arrest if she did not return to the casino.

### 3. The defendant's assertion of the right

**{¶25}** The third *Barker* factor considers whether the defendant timely asserted the right to a speedy trial. *Jackson*, 2016-Ohio-5196, at ¶ 14 (1st Dist.).

**{¶26}** The State's sole argument regarding this factor is that Hill did not timely assert the right to a speedy trial because, while she was arrested in May 2024, she did not file her motion to dismiss until September 2024. The State notes that Crim.R. 12(D) requires that "[a]ll pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

9

**{¶27}** While Hill's motion to dismiss was filed outside of Crim.R. 12(D)'s time requirements, the State cites no law that Ohio's criminal rules conclusively determine the constitutional question of whether a defendant timely asserted the right to a speedy trial under the Sixth Amendment.

**{¶28}** Moreover, the State did not provide Hill with discovery, including the casino's surveillance footage, until after the motion-to-dismiss hearing. The final *Barker* factor considers whether the defendant was prejudiced. Hill would lack a meaningful opportunity to argue that she was prejudiced by the delay if we required her to move to dismiss the charges before learning what this video depicted or if the State still possessed it.

### 4. Prejudice

**{¶29}** The final *Barker* factor considers whether the "preceding three factors resulted in prejudice to the defendant." *Jackson*, 2016-Ohio-5196, at ¶ 15 (1st Dist.). Under *Barker*, prejudice is analyzed "in terms of the interests that were protected by speedy-trial rights," which are "(1) the prevention of oppressive pretrial incarceration; (2) the minimization of the accused's anxiety and concern; and (3) the limitation of impairment of the accused's defense." *Id.*, citing *Barker*, 407 U.S. at 532.

#### i. Longer delays may result in presumed prejudice

**{¶30}** The trial court determined that Hill was not prejudiced because Freidhoff preserved his bodycam footage and the surveillance footage from the casino. The trial court acknowledged that "there is still some question about, you know, if she were able to assert . . . an alibi defense for that day and other defense due to the lack of time. But, again, the officer told her on that day."

**{¶31}** "'[I]mpairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony "can

rarely be shown.""" *Jackson* at ¶ 16, quoting *Doggett*, 505 U.S. at 655, quoting *Barker* at 532. The *Doggett* Court explained that a reviewing court will,

> [G]enerally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and ***its importance increases with the length of delay***.

(Internal citations omitted.) (Emphasis added.) *Doggett* at 655-656.

{¶32} In *Jackson*, this court observed that *Doggett* resolved when courts may presume prejudice by "focusing on the culpability of the state in failing to bring the defendant to trial." *Jackson*, 2016-Ohio-5196, at ¶ 18 (1st Dist.). Where the State intentionally causes delay, dismissal will be "virtually automatic," whereas if the State pursues a defendant with reasonable diligence "from his indictment to his arrest, his speedy trial claim would fail." *Doggett* at 656. The State's negligence falls in between these two and "[w]hile not compelling relief in every case, . . . neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *Id.* at 656-657. This is because, while less objectionable than intentional delay, negligence "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Id.* at 657. Accordingly, "our toleration of such negligence varies inversely with its protractedness." *Id.*

{¶33} We have held that where the State makes little or no efforts to inform criminal defendants about formal charges, defendants need not demonstrate actual prejudice caused by the delay between the State issuing a warrant and arresting the

defendant. *State v. Bush*, 2020-Ohio-1229, ¶ 25 (1st Dist.).

**{¶34}** In *Jackson*, this court presumed prejudice based on a four-year delay caused by the State's lack of diligence. *Jackson* at ¶ 20. And in *Sears*, this court presumed prejudice following a nine-month delay stating, "Where, as here, the state has made an official accusation, but fails to use any reasonable diligence to let its accusation be known to the defendant, prejudice is presumed." *Sears*, 2005-Ohio-5963, at ¶ 16 (1st Dist.). And in *State v. Pierce*, 2017-Ohio-5791, ¶ 17 (1st Dist.), this court presumed prejudice from a 14-and-a-half-month delay, explaining that because "the state offered no evidence to explain its delay in prosecuting Pierce, we presume that Pierce has been prejudiced under the fourth *Barker* factor, and the state offered no evidence to rebut this presumption of prejudice."

**{¶35}** But this court declined to presume prejudice in *Muhammadel*, which involved a homeless defendant, because the record did "not contain facts allowing us to conclude with any confidence that the police would have located Muhammadel sooner with more diligence." *Muhammadel*, 2021-Ohio-567, at ¶ 38 (1st Dist.). And we did not presume prejudice in *Bush* where "the state offered evidence that it had made periodic and regular efforts to locate Bush during the period between his indictment and arrest." *Bush* at ¶ 27.

**{¶36}** Here, like in *Sears*, *Pierce*, and *Jackson*, the State offered no evidence to demonstrate that it made any effort to serve Hill with the warrant for two-and-one-half years between the issuance of the warrant and Hill's arrest. Like in *Sears*, the State had Hill's home address but failed to produce evidence that the State ever attempted to serve Hill at the address. We presume that Hill was prejudiced by the delay.

> ii. <u>The State may rebut the presumption of prejudice</u>

**{¶37}** The State may rebut presumed prejudice under the fourth *Barker*

factor. *See Doggett*, 505 U.S. at 658 ("[W]hen the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief."). The *Doggett* Court observed, "While the Government ably counters Doggett's efforts to demonstrate particularized trial prejudice, it has not, and probably could not have, affirmatively proved that the delay left his ability to defend himself unimpaired." *Id.* at 658, fn. 4, citing Uviller, *Barker v. Wingo: Speedy Trial Gets a Fast Shuffle*, 72 Colum.L.Rev. 1376, 1394-1395 (1972). The State carries the burden to rebut the presumption of prejudice, and *Doggett* recognized that this is a high burden. *See id.*; *see also Gonzales v. State*, 435 S.W.3d 801, 815 (Tex.Crim.App. 2014), quoting *Gonzales v. State*, 2013 Tex. App. LEXIS 10462, *18 (Aug. 21, 2013) ("[W]e acknowledge that attempting to prove a negative is difficult, the State is nonetheless required to rebut or extenuate the presumption of prejudice. [Appellant] was not required to show he was unable to adequately prepare for his defense, but rather, the State was required to show that his defense was unimpaired despite the lengthy delay."). And although the State's burden may require it "to prove facts inaccessible to it," such as there being no lost or impaired exculpatory evidence, "that is the point: . . . the shift of burden actually permits the presumption of prejudice to prevail on the issue. Since that presumption is well-founded, however, justice is served." *United States v. Molina-Solorio*, 577 F.3d 300, 307 (5th Cir. 2009).

{¶38} The issue we must consider is whether the State persuasively established that Hill was not prejudiced by the delay. *See Doggett* at 658.

{¶39} We hold that it did not. While the State preserved bodycam and surveillance footage, even the trial court conceded that "there is still some question about, you know, if she were able to assert . . . an alibi defense for that day and other

defense due to the lack of time." While the State preserved bodycam and surveillance footage, this fails to meet the high bar set by *Doggett*, which requires the State to affirmatively show that Hill's defense was unimpaired.

**{¶40}** In sum, all four *Barker* factors weigh against the State. We hold that Hill's speedy-trial rights were violated, and the trial court erred by holding otherwise.

### III. Conclusion

**{¶41}** We sustain Hill's assignment of error, reverse the trial court's judgment, and discharge Hill from further prosecution.

Judgment reversed and appellant discharged.

**MOORE, J.,** concurs.
**CROUSE, P.J.,** concurs separately.

**CROUSE, P.J.,** concurring separately.

**{¶42}** I concur in the court's opinion today and join it in full, because I agree that the *Barker* factors cut in Hill's favor. And while I also agree that Hill's statute of limitations argument has been abandoned, I write separately to emphasize that the expiration of the statute of limitations in this case should still be a factor to consider in evaluating Hill's speedy trial argument.

**{¶43}** Hill was charged with theft, a first-degree misdemeanor. Pursuant to R.C. 2901.13(A)(1)(b), a prosecution for a misdemeanor, other than a minor misdemeanor, is "barred unless it is commenced within . . . two years" of the crime. The mere filing of a complaint and issuance of a warrant do not "commence" a prosecution, for statute of limitations purposes, if the State fails to exercise reasonable diligence to execute the warrant. *See* R.C. 2901.13(F); *see also Cleveland v. Bermudez*, 2020-Ohio-4296, ¶ 7 (8th Dist.) ("A prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant.

It is commenced by the issuance of a summons or warrant plus the exercise of reasonable diligence to execute the same." (Cleaned up.)); *State v. Jones*, 2025-Ohio-3297, ¶ 51 (1st Dist.) (Bock, J., concurring separately).

**{¶44}** In this case, the State negligently allowed enough time to pass between filing charges and arresting Hill that the statute of limitations had lapsed. The theft was alleged to have occurred on December 15, 2021, and a complaint was filed on the same day. Hill was not arrested until May 29, 2024, almost two-and-a-half years later. The State offered no good reason for this delay, other than to say it was not in bad faith, but merely negligent. The State argues that, because the delay in this case was the result of mere negligence, this factor should not weigh heavily against it. However, I believe the fact the State did nothing for the length of the limitations period causes the "reason for the delay" factor to weigh heavily against it.

**{¶45}** I agree with the majority opinion that the delay in this case was so egregious as to presume prejudice. That presumption is incredibly difficult to rebut. Perhaps, as the majority opinion suggests, it is nearly impossible for the State to do so. Doing so would, after all, require the State to prove a negative—that Hill was *not* prejudiced by its negligence. *See Doggett v. United States*, 505 U.S. 647, 658, fn. 4 (1992) ("While the Government ably counters Doggett's efforts to demonstrate particularized trial prejudice, it has not, and probably could not have, affirmatively proved that the delay left his ability to defend himself unimpaired.").

**{¶46}** Nevertheless, the State attempted to rebut the presumption of prejudice by demonstrating that all the evidence it intends to use at trial has been preserved. This includes the body-worn camera and surveillance footage of the offense. That the alleged theft was caught on video, and that none of that video has been destroyed, would ordinarily make this a close case in my mind. But because the State's delay

spanned the entirety of the limitations period—and then some—I agree with the majority opinion that the State has not carried its burden to rebut the presumption of prejudice. Once the statute of limitations has expired, the presumption of prejudice becomes irrebuttable. *See United States v. Marion*, 404 U.S. 307, 322 (1971) ("[Statutes of limitations] provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced.").

{¶47} I do not believe this understanding is inconsistent with the majority opinion's thoughtful analysis. I therefore join the majority's opinion in full.